**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CARLOS R. POREE,<br>            Appellant, | DOCKET NUMBER<br>DA-831E-17-0318-X-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>            Agency. | DATE: June 29, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carlos R. Poree, Baton Rouge, Louisiana, pro se.

Jo Bell, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      This case is before the Board on the appellant's petition for enforcement of the February 8, 2018 compliance initial decision ordering the Office of Personnel Management (OPM) to submit evidence that it has issued a new reconsideration

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

decision on the appellant's application for disability retirement. *Poree v. Office of Personnel Management*, MSPB Docket No. DA-831E-17-0318-C-1, Compliance File, Tab 9, Compliance Initial Decision (CID) at 4. For the reasons discussed below, we find OPM in compliance and DISMISS the petition for enforcement.

## DISCUSSION

¶2      The agency bears the burden to prove its compliance with a Board order. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Id.* The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶3      OPM initially denied the appellant's application for disability retirement on the ground that his application was untimely, but on appeal the administrative judge determined in a decision issued on July 18, 2017, that the appellant had proved by preponderant evidence that the 1-year time limit for filing should be waived. *Poree v. Office of Personnel Management*, MSPB Docket No. DA-831E-17-0318-I-1, Initial Appeal File, Tab 16, Initial Decision at 2. The administrative judge then ordered OPM to issue a new reconsideration decision addressing his application. *Id.* On December 1, 2017, the appellant filed a petition for enforcement alleging that OPM had failed to comply with the order. CID at 1. OPM did not dispute that it was not in compliance with the Board's order, and the administrative judge found that it was not in full compliance and ordered OPM to submit evidence that it has issued a new reconsideration decision on the appellant's application. *Id.* at 3-4. The case subsequently was referred to the Board's Office of General Counsel to obtain compliance.

¶4      On March 7, 2018, OPM submitted a copy of its March 1, 2018 final decision on the appellant's application for disability retirement. *Poree v. Office of Personnel Management*, MSPB Docket No. DA-831E-17-0318-X-1, Compliance Referral File (CRF), Tab 1.[2]  On its face, OPM's document is evidence that it has complied with the Board's decision.  The Board's acknowledgment order notified the appellant that he may respond to OPM's submission within 20 calendar days of its date of service and that the Board may assume from a failure to respond that he is satisfied and dismiss his petition.  CRF, Tab 2.  The appellant did not respond to OPM's submission.

¶5      Accordingly, in view of OPM's issuance of the ordered final decision on the appellant's application and the absence of a response from the appellant, the appellant's petition for enforcement is dismissed.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

---

[2] In its March 1, 2018 decision, OPM found that the appellant did not meet the criteria for entitlement to a disability retirement, and the appellant appealed OPM's decision to the Board.  CRF, Tab 1 at 8; *Poree v. Office of Personnel Management*, MSPB Docket No. DA-831E-18-0257-I-1, Initial Appeal File (0257 IAF), Tab 1.  In a June 26, 2018 initial decision, the administrative judge vacated OPM's decision and remanded the appeal to OPM for issuance of a new final decision.  0257 IAF, Tab 10, Initial Decision.  On November 8, 2018, the appellant petitioned for enforcement of the initial decision. *Poree v. Office of Personnel Management*, MSPB Docket No. DA-831E-18-0257-C-1, Compliance File (0257 CF), Tab 1.  In a December 10, 2018 compliance initial decision, the administrative judge found that OPM established compliance with the June 26, 2018 initial decision and dismissed the appellant's petition for enforcement. 0257 CF, Tab 7, Compliance Initial Decision.  The compliance initial decision became the final decision of the Board on January 14, 2019, after neither party filed a petition for review. *Id.* at 3.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.